

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

\LD C. MANN
RNEY GENERAL

January 27, 1939

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. O-188
Re: Liability under Article 7047f,
Revised Civil Statutes, for 20%
of value of automobile given
employee under a subscription
plan sponsored by the Pecos
Enterprise

We have for attention your letter of January 21, 1939, together with attached letter from the firm of Hubbard & Kerr of Pecos, Texas, in which you request an opinion from this Department relative to whether or not the Pecos Enterprise is liable for the tax provided in Article 7047f, R. C. Statutes of Texas.

The facts as set out in the letter from the law firm of Hubbard & Kerr, as attached to your letter, are as follows:

"As your file will reflect, The Pecos Enterprise conducted a contest in which awards were given in connection therewith. The contest was conducted under the name of a "Business Building Campaign" and was sponsored by The Pecos Enterprise and cooperating merchants in the town of Pecos. As recited in the opinion of the Attorney General referred to, the primary purpose of the campaign was to stimulate business and to provide employment for a number of young ladies. The plan was worked out on a commission basis with extra remuneration in the form of an auto-

mobile presented to the young lady in the campaign who made the most sales.

"The salesladies employed in the enterprise sold coupon books upon which there was printed the name of one of the cooperating merchants. The books were in various denominations and were sold for the full face amounts thereof, the books being acceptable at full value to the merchant whose name was printed thereon. The girls counter-signed the books and delivered them to the purchaser, made a note on the stub and reported the sale to The Pecos Enterprise and made due accounting of the monies received. Upon report being made at designated intervals, The Pecos Enterprise in turn paid to the young lady making the sale a designated commission of the monies collected. Then of the funds so received an amount was deducted to assist in paying the expenses of the campaign, and the balance remaining was paid to the respective cooperating merchants. Then as the campaign closed, the girl who had sold the largest amount of coupon books received an automobile, in addition to cash commissions already paid.

"In the agreement entered into betweeen The Pecos Enterprise and the respective cooperating merchants it was recited that the girls engaged in the sale of the coupon books were entered in a "popularity" contest; however, the award of the automobile was not based on "popularity"; rather it was based upon the industry of the individual participant. No votes were cast by any persons. If a prospective customer desired to favor a friend or acquaintance, he or she might make purchase of a designated amount of coupon books from the young lady in question; however, on each sale the girl making the sale had paid to her a definite commission, and then, at the end of the contest, the young lady making the largest sales of coupon books had presented to her an automobile in addition to the amount of commissions theretofore paid to her in cash.

"During the entire contest the young ladies entered were carried on the payrolls of the company as em-

ployees and due payment was made of social security tax on each of the young ladies. In other words, The Pecos Enterprise treated the salesladies as its employees and accounted for social security tax, and on the award of the automobile accounted for the value of the same by payment of the proper amount of social security tax on its said value."

We direct your attention to Article 7047f (a). In this portion of the statute you will note that every person, firm or corporation conducting a theater, place of amusement, or any business enterprise in connection with the operation of which a prize in the form of money or something of value is offered or given to one or more patrons of such theater, place of amusement or place of business and not given to all patrons thereof paying the same charge for any such service, commodity or entertainment will be required to pay 20% of the value of said prize or gift as provided in section (b) of said Article.

It is the opinion of this Department, and you are so advised, that under the facts submitted with your inquiry, no tax would be due the State because each of the persons selling the coupon books was carried on the payrolls of The Pecos Enterprise as an employee and was not a patron as would be affected by the provisions of Article 7047f, Revised Civil Statutes of Texas. The automobile that was given to the employee selling the largest number of coupon books, in the opinion of this Department, would not be classed as a prize but, on the other hand, would be a bonus and/or extra compensation for services rendered by the employee.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
                        Assistant

OK:BT

APPROVED:

ATTORNEY GENERAL OF TEXAS